AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF KENTUCKY

FILED
VANESSA L. ARMSTRONG
NOV 15 2015
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Case No. 3:15-MJ-497 |
| | ) | |
| DEWAYNE KANAMORE | ) | |

## CRIMINAL COMPLAINT

I, Nicholas R. Paton, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about November 13, 2015 in the county of Jefferson in the Western District of Kentucky, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) | Knowingly and intentionally possessed with intent to distribute controlled substances, that is, heroin and methamphetamine |
| 18 U.S.C. § 924(c)(1)(A) | During and in relation to a drug trafficking crime for which a person may be prosecuted in a court of the United States, knowingly carried a firearm |
| 18 U.S.C. §§ 922(g)(1) and 924(g)(2) | Possessed a firearm which had been shipped or transported in interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year |

This criminal complaint is based on these facts:

X    Continued on the attached sheet

_____
*Complainant's signature*

Nicholas R. Paton, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives
*Printed name and title*

*Sworn to before me and signed in my presence.*

Date: _____      _____
                                     *Judge's Signature*

                                     COLIN H. LINDSAY
City and State: Louisville, Kentucky  United States Magistrate Judge
                                     *Printed Name and Title*

JEK:JEL

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Case No. 3:15-MJ-497 |
| ) | |
| DEWAYNE KANAMORE ) | |

## CRIMINAL COMPLAINT

I, Nicholas R. Paton, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about November 13, 2015 in the county of Jefferson in the Western District of Kentucky, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) | Knowingly and intentionally possessed with intent to distribute controlled substances, that is, heroin and methamphetamine |
| 18 U.S.C. § 924(c)(1)(A) | During and in relation to a drug trafficking crime for which a person may be prosecuted in a court of the United States, knowingly carried a firearm |
| 18 U.S.C. §§ 922(g)(1) and 924(g)(2) | Possessed a firearm which had been shipped or transported in interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year |

This criminal complaint is based on these facts:

    X    Continued on the attached sheet

_____
*Complainant's signature*

Nicholas R. Paton, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives
*Printed name and title*

*Sworn to before me and signed in my presence.*

Date: 11/15/2015

/s/ Colin H. Lindsay
*Judge's Signature*

COLIN H. LINDSAY
United States Magistrate Judge
*Printed Name and Title*

City and State: Louisville, Kentucky

JEK:JEL

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nicholas R. Paton, being duly sworn depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have approximately four years of law enforcement experience, and have been a Special Agent with the ATF since May 2014. Prior to my employment with ATF, I was a Deputy Sheriff with the Cabell County Sheriff's Department in Huntington, West Virginia, for approximately three years. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy in Brunswick, GA. I am currently assigned to the Louisville I Field Office (LFO). In connection with my official ATF duties, I investigate criminal violations of state and federal firearms and narcotics laws, including, but not limited to violations of 18 U.S.C. §§ 922, et seq. and 21 U.S.C. §§ 841, et seq. Affiant has received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. Affiant also has been involved in various types of electronic surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. This affidavit is based upon my personal knowledge, as well as information reported to me by other federal and local law enforcement officers and others with knowledge of the facts surrounding this case.

2. On November 13, 2015, law enforcement officials executed a (Kentucky) state search warrant at 6228 Ledgewood Parkway, Aparment 1, Louisville, Kentucky 40214.

3. Law enforcement officials knocked and announced their presence. No one answered the door, at which point law enforcement officials used a battering ram to open the door. Three individuals were located inside the apartment, including Dewayne Kanamore.

4. When law enforcement officials entered the apartment, a black male, later identified as Kanamore was observed running from the left rear bedroom through the hallway to the right bedroom. As law enforcement officials approached him, a Louisville Metro Police Department (LMPD) Detective saw Kanamore drop a black handgun in the hallway as he entered the right bedroom.

5. After Kanamore entered the right bedroom, he attempted to hide behind some mattresses that were leaning against a wall. An LMPD Detective and ATF Special Agent saw Kanamore drop two bags in the back right corner of the bedroom.

6. Law enforcement officials arrested Kanamore and searched the area. They recovered the two bags. Within the two bags, they discovered individual packages containing suspected heroin and methamphetamine. Both substances were field tested, resulting in positive tests for heroin and methamphetamine. The weight of the heroin was 24.4 grams. The weight of the methamphetamine was 15.9 grams.

7. Law enforcement officials also seized the firearm Kanamore had thrown while moving from one bedroom to the other. The firearm is a Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665. The Ruger was loaded.

8. Based on my training and experience, as well as consultation with other ATF Agents with specialized training concerning the manufacturing location of firearms, Ruger firearms are not, and have not been, manufactured in the Commonwealth of Kentucky.

2

9.  A search of Kanamore's person, incident to his arrest, revealed a large sum of United States currency in his pant pocket.[1]

10. A criminal records check on Kanamore revealed the following:

> On or about September 11, 2003, Kanamore was convicted in Jefferson Circuit Court Case Number 03-CR-161 for two counts of Burglary 2nd and one count of Robbery 2nd and received a sentence of seven years' incarceration, seven years suspended with five years' supervised probation;

> On or about May 5, 2005, Kanamore was convicted in Jefferson Circuit Court Case number 05-CR-852 of Trafficking in a Controlled Substance 1st – Cocaine and received a sentence of two years' incarceration; and

> On or about February 10, 2014, Kanamore was convicted in Jefferson Circuit Court Case Number 13-CR-025 of Complicity for felon in possession of a handgun and received a sentence of two years and six months' incarceration suspended with five years' Supervised probation.

11. At the time law enforcement officials arrested Kanamore on November 13, 2015, he had an active arrest warrant in Jefferson County, Kentucky, for failure to appear.\

12. Additionally, based upon affiant's training and experience relative to drug trafficking investigations as well as discussions with other ATF agents familiar with drug trafficking investigations, the quantity and packaging of heroin, methamphetamine and cocaine (suspected cocaine base) seized from Kanamore's immediate presence is larger than that which is associated with personal use. Rather, the quantity and packaging is indicative of narcotics distribution. Affiant knows that firearms are considered "tools" of the drug trafficker's trade because they are used to protect both the controlled substances and money associated with the activities associated with drug trafficking.

---

[1] Consistent with LMPD policy, law enforcement officials did not count the United States currency. It was bagged and submitted to a financial institution for an accurate count.

3

13. The evidence as outlined above establishes probable cause to believe that on or about November 13, 2015, in Jefferson County, Kentucky:

   a. Dewayne Kanamore knowingly and intentionally possessed with intent to distribute controlled substances, that is, heroin (a Schedule I controlled substance) and methamphetamine (a Schedule II controlled substance), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

   b. Dewayne Kanamore, during and in relation to a drug trafficking crime for which a person may be prosecuted in a court of the United States, knowingly carried a firearm, in violation of 18 U.S.C. § 924(c)(1)(A).

   c. Dewayne Kanamore, possessed a firearm which had been shipped or transported in interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(2).

_11-15-15_
Date

_____
Nicholas R. Paton, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence at Louisville, Kentucky.

_____
COLIN H. LINDSAY
United States Magistrate Judge

JEK:JEL

4

13. The evidence as outlined above establishes probable cause to believe that on or about November 13, 2015, in Jefferson County, Kentucky:

   a. Dewayne Kanamore knowingly and intentionally possessed with intent to distribute controlled substances, that is, heroin (a Schedule I controlled substance) and methamphetamine (a Schedule II controlled substance), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

   b. Dewayne Kanamore, during and in relation to a drug trafficking crime for which a person may be prosecuted in a court of the United States, knowingly carried a firearm, in violation of 18 U.S.C. § 924(c)(1)(A).

   c. Dewayne Kanamore, possessed a firearm which had been shipped or transported in interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(2).

_____  
Date

Nicholas R. Paton, Special Agent  
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence at Louisville, Kentucky.

_/s/ Colin H. Lindsay  
COLIN H. LINDSAY  
United States Magistrate Judge

JEK:JEL

4