```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                          LOUISVILLE DIVISION


 UNITED STATES OF AMERICA,     )  Case No. 3:15MJ-497
                               )
         Plaintiff,            )
                               )
 VS.                           )
                               )
 DEWAYNE KANNAMORE,            )
                               )  November 17, 2015
         Defendant.            )  Louisville, Kentucky


           *****************************************

              PRELIMINARY AND DETENTION HEARING
              BEFORE HONORABLE COLIN H. LINDSAY
                 UNITED STATES MAGISTRATE JUDGE

           *****************************************


 APPEARANCES:

 For United States:       Jo E. Lawless
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, Kentucky 40202

 For Defendant:           Rob Eggert
                          600 West Main
                          Suite 300
                          Louisville, Kentucky 40202

 [Defendant present.]



                    Alan W. Wernecke, RMR, CRR
                     Official Court Reporter
                       232 U.S. Courthouse
                    Louisville, Kentucky 40202
                          502-625-3779
 Proceedings recorded by mechanical stenography, transcript
 produced by computer.
```

```
 1        (Begin proceedings in open court at 3:36 p.m.)
 2            DEPUTY CLERK:  3:15MJ-497, United States of America v.
 3   Dewayne Kannamore.  We are here for a preliminary and detention
 4   hearing.
 5            MS. LAWLESS:  Good afternoon, Your Honor.  Jo Lawless
 6   for the United States.
 7            MR. EGGERT:  Good afternoon, Your Honor.  Rob Eggert
 8   for Mr. Kannamore.
 9            THE COURT:  All right.  Good afternoon to you.  We are
10   here, as Ashley said, for a preliminary hearing and a detention
11   hearing.  Are we ready to proceed on both of those?
12            MS. LAWLESS:  Yes, sir.
13            MR. EGGERT:  Yes, Your Honor.
14            THE COURT:  All right.  With respect to the
15   preliminary hearing, Ms. Lawless, I'll let you proceed.
16        (TRANSCRIPT of TESTIMONY of NICK PATON was previously
17         filed in the record.)
18            THE COURT:  Ms. Lawless.
19            MS. LAWLESS:  Your Honor, we will stand on the
20   affidavit.  I don't think there's been any cross-examination
21   that has contradicted any of the information that's set out in
22   the affidavit that establishes probable cause to demonstrate
23   that Mr. Kannamore was in possession of trafficking quantities
24   of heroin, suspected heroin and methamphetamine, that he also
25   was the person who pitched a handgun in the hallway in the
```

1  presence of law enforcement, or that he is not a multi-convicted
2  felon.  So we will stand on the allegations that are set forth
3  in the affidavit.
4          THE COURT:  And the allegations of prior convictions,
5  is that covered in the affidavit as well?
6          MS. LAWLESS:  It is, Your Honor.  It's not an
7  exhaustive list.  I think, quite honestly, that we have a better
8  view of Mr. Kannamore's prior criminal record from the pretrial
9  services report, or at least a little more fulsome.  This
10 definitely covers some felony convictions from before.  2013
11 that deals with multiple counts of burglary and robbery; 2005,
12 trafficking in a controlled substance, which I think is cocaine;
13 and then 2014, complicity for a felon to be in possession of a
14 firearm.
15         THE COURT:  Thank you.
16    Mr. Eggert.  I was just saying your name as you were just
17 bending down.  If you need to confer with Mr. Kannamore --
18         MR. EGGERT:  No, I'm fine.  If I can make an argument.
19         THE COURT:  Yes, please.
20         MR. EGGERT:  First of all, regarding the drugs, there
21 is conclusory language in the affidavit, but honestly they
22 haven't shown that this was trafficking at all.  They haven't
23 shown one little bit in terms of that the amounts mean this as
24 opposed to this as opposed to this or that he was selling.  At
25 most, even if you want to take the affidavit in the light most

1   favorable to them, it simply shows possession.  There's no
2   evidence of intent to distribute whatsoever.  Not any.
3       Let's remember that he's not the person who is the target of
4   this.  He doesn't live there.  He wasn't on the search warrant.
5   It's happenstance that he was there.  The people in the
6   apartment were obviously apparently committing illegal
7   activities, had the same kind of drugs, had heroin and meth, and
8   were the subject of the search warrant.  So I would say they
9   haven't shown the drugs, but even if they had, they have just
10  shown possession.
11      Regarding the handgun by a felon, Your Honor, I know they
12  are going to say that the affidavit says that somebody saw him
13  pitch this, but really this officer never saw -- he didn't see
14  him pitch it.  He didn't see him throw it.  He didn't see him do
15  anything.  He didn't see the gun dropped in the hallway at all.
16  I know tests are being undertaken, but at this point they
17  don't have any scientific evidence linking Mr. Kannamore to this
18  gun.
19      We would ask the Court to find probable cause, if it does,
20  just on possessory offenses and not on anything else, and not on
21  the handgun.  Thank you, Judge.
22          THE COURT:  Thank you, Counselor.
23      Bearing in mind the decision to be made today, and that is,
24  is there probable cause, in other words, is it more likely than
25  not that a crime has been committed and that the defendant is

1   the person who committed it, probable cause only, not a finding
2   of guilt, I do find there is sufficient probable cause on the
3   drug charges and the gun charge.
4       With respect to the drug charge, I would note that the
5   affidavit does say that the amount of drugs is indicative of
6   intent to or participation in trafficking.  It may not be
7   direct evidence of trafficking, but it is indicative of
8   trafficking.
9       Secondly, with respect to the gun charges, it is -- we do it
10  every day -- it is appropriate for this officer to adopt the
11  report and -- adopt the affidavit and testify at this stage,
12  although he couldn't at trial, about what other officers saw
13  and what other officers related to him.
14      With those different standards in place, again, it's not a
15  finding of guilt, but I do find that there is probable cause to
16  support the charges against Mr. Kannamore.
17      Will the United States be seeking detention?
18              MS. LAWLESS:  Yes, sir.  It's a presumption case.
19              THE COURT:  Okay.  Mr. Eggert, would you like to go
20  ahead and address detention today?  You do have the right to a
21  postponement if you desire one.  I'm more than happy to proceed
22  right now if you would like to.
23              MR. EGGERT:  Yes, Judge.  I'll address detention
24  today.
25      We realize that this is a presumption case.  We also

1   acknowledge that there was a warrant, I think, out of Jefferson
2   Circuit Court, Division 8, at the time of this.  Nonetheless,
3   Judge, we believe there's conditions in the community that would
4   reasonably assure the safety of the community.
5       We believe he could be put on home detention with his
6   girlfriend or his family without releases, that there be no
7   releases permitted except to see his attorney, and honestly, I
8   would be happy -- if he wouldn't be released for that, I could
9   go visit Mr. Kannamore at his residence.
10      Judge, all his family is here.  His entire extended family
11  and immediate family are here.  His girlfriend is here.  His
12  children are here.  He has a young baby.
13      All these things, Judge, I think would support a release
14  on home detention without releases, and that's what I would
15  request.
16              THE COURT:  Ms. Lawless?
17              MS. LAWLESS:  Your Honor, the United States does not
18  believe that that overcomes the presumption in favor of
19  detention.
20      I know that we referenced one outstanding warrant in the
21  affidavit in support of the criminal complaint.  There are
22  actually four outstanding arrest warrants for Mr. Kannamore.
23  You can see where there are bench warrants that remain active
24  for him in the pretrial services report.
25      If we look at his criminal history, you see it goes back

1   quite a ways to 2003 when he was still a minor, not even 18
2   years old yet, picking up multiple burglary and robbery
3   convictions.  He's got prior drug trafficking convictions.  Some
4   of these things have been amended down.
5       Of course, as you know, at this point in time with regard to
6   a detention hearing, you are allowed to consider not just
7   convictions, but certainly an arrest record as well.  Mr.
8   Kannamore certainly is not a good candidate based on his past
9   conduct and his willingness or ability to comply with court
10  orders, including warrants that are issued for him.  If you take
11  that and look at what's been proposed here, they do not overcome
12  the presumption in favor of detention.
13      If, however, the Court believes that they have, and we look
14  at the factors that are set out in 3142, all of those, quite
15  frankly, Your Honor, the factors that Congress has said that you
16  are supposed to consider, the nature and circumstances of the
17  offenses charged, whether it involves drug trafficking, whether
18  it involves a firearm, weighs in favor of here a dangerousness
19  to the community.  You can see a history that involves burglary
20  and robbery and firearms offenses in the past as well.
21  Certainly the criminal record, the history and circumstances,
22  characteristics of this particular defendant, and just overall
23  the dangerousness.  That last one kind of loops everything back
24  together again.
25      If you decide that they have with their proposal overcome

1    the presumption, which we do not concede that they have, and you
2    go to the statutory factors and look at each one of them, on
3    whole, individually and together, they weigh in favor of
4    detention.
5        We would ask the Court respectfully to detain Mr. Kannamore
6    pending resolution of these charges.
7            THE COURT:  Quick question for Probation.
8        (Court and probation officer confer off the record.)
9            THE COURT:  All right.  I do not believe that
10   Mr. Kannamore has overcome the presumption against detention in
11   this case.  Presumption can be based -- among the things that
12   trigger the presumption are the presence of -- the alleged
13   presence of trafficking amounts of drugs and the possession of
14   the firearm.
15       There are any number of things that I could cite to that
16   would support a finding of detention.  Of particular weight in
17   my mind is the regularity and -- the regularity of the criminal
18   charges, Mr. Kannamore, that you have picked up.  Although they
19   are -- many of them are charges and just charges, they are
20   appropriate for my consideration at this stage in the
21   proceeding.  There are simply too many of them over too long a
22   time with too much regularity.
23       Also of relevance -- of particular relevance to me is the
24   repeated history of having had bench warrants issued, otherwise
25   not appearing.  I have to reasonably assure your appearance here

1  in court to face these charges.  When I see that court orders
2  have been unsuccessful in securing that attendance in the past,
3  then it leads me to believe that they are going to be
4  unsuccessful in assuring it here, or reasonably assuring it.
5     And there is also enough evidence of the use of firearms as
6  currently charged and also in previous charges as well.
7     So I do not believe that there is any condition or set of
8  conditions that I can impose upon you that would reasonably
9  assure that you appear when required and that would reasonably
10 assure against danger to the community.
11    Let me explain just very briefly that danger to the
12 community includes the danger of continuing to commit other
13 offenses.  It doesn't mean that I think you are going to go on a
14 murderous rampage if let out, but I do believe, and I find by
15 clear and convincing evidence with respect to the danger and by
16 preponderance of the evidence with respect to failure to appear,
17 I do believe that that danger exists and that conditions I could
18 put on you would not reasonably assure against that.  So I'm
19 going to order that you be detained pending trial.
20    Do we have a trial date?
21        DEPUTY CLERK:  No.  This is a complaint.  We need to
22 set an arraignment date.
23        MS. LAWLESS:  We could go ahead and set the December
24 arraignment date.  I think that would be okay.
25        DEPUTY CLERK:  That would be December 22nd at 9:30.

10

1      THE COURT:  That would for an arraignment?  All right.
2   Ms. Lawless, anything further on this one?
3      MS. LAWLESS:  No, sir.
4      THE COURT:  Mr. Eggert, anything further?
5      MR. EGGERT:  No.  Thank you, Judge.
6      THE COURT:  Thank you-all.
7   (Proceedings concluded at 4:11 p.m.)

10                    C E R T I F I C A T E

11      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
12
    *s/ Alan W. Wernecke*                    January 6, 2016
13  Alan W. Wernecke, RMR, CRR
    Official Court Reporter