UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:15-cr-140-DJH

DEWAYNE KANNAMORE, Defendant.

\* \* \* \* \*

### ORDER

The United States has filed a motion to continue the trial of this matter, which is currently set for February 17, 2016. (Docket No. 19) As grounds for its motion, the government states that "laboratory analysis of the controlled substances and firearm seized in conjunction with this investigation/prosecution have not been completed due to backlogs at the laboratory facilities." (*Id.*, PageID # 70) It further notes that the Assistant United States Attorney prosecuting the case has another trial scheduled to begin on February 17. (*Id.*)

Defendant Dewayne Kannamore opposes the motion to continue, arguing that neither ground presented by the United States warrants a continuance. (D.N. 20) He notes that he is presently incarcerated without bail and asserts that "'[b]acklogs' at laboratory facilities are hardly a compelling reason to keep [him] incarcerated." He cites no authority in support of this position, however.

In the absence of any evidence of delay on the part of the United States, the Court finds that the backlogs described in the motion provide adequate grounds for a continuance. *See United States v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998). Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The motion to continue (D.N. 19) is **GRANTED**.  The trial of this matter is **RESET** for **March 8, 2016, at 9:30 a.m.**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.  Counsel shall be present in court at 9:00 a.m.

(2)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), **the Court finds that the period of delay from February 17, 2016, to March 8, 2016, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**.  The Court further finds that the ends of justice served by granting the motion for continuance outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  § 3161(h)(7)(C).

(3)     The Court presumes that pretrial discovery and inspection have proceeded in accordance with the schedule previously set, with the exception of issues surrounding the laboratory results mentioned above.  (*See* D.N. 18 ¶ 2)

(4)     **All motions to suppress evidence** and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed **no later than February 2, 2016**.

(5)     **No later than February 16, 2016**, each party shall file a trial memorandum containing the following:

    (a)    The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

    (b)    A statement of undisputed and disputed facts.

    (c)    A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

    (d)    A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

    (e)    A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

    (f)    Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

    (g)    Proposed voir dire questions.

    (h)    Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

    (i)    The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness.

    (j)    At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

    (k)    The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(6)    Any **motions in limine** shall be filed **on or before February 26, 2016**. **Responses** shall be filed **on or before March 1, 2016**.  There shall be **no replies**.

(7) All motions, responses, and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

January 27, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Jury Administrator

4