UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CRIMINAL ACTION NO. 3:15CR-00140-DJH |
| DEWAYNE KANNAMORE | DEFENDANT |

**DEFENDANT'S MOTION TO
SUPPRESS STATEMENTS**

Comes the defendant, Dewayne Kannamore, through counsel, and moves this Honorable Court to hold an evidentiary hearing to determine the validity of the waiver of Mr. Kannamore's rights during his custodial interrogation on November 13, 2015. Mr. Kannamore was read a version of his rights, while in custody, by Special Agent Nicholas Paton. During the reading, LMPD Detective Campos was attempting to change the position of Mr. Kannamore's handcuffs with some discomfort and distraction involved. Mr. Kannamore expressed confusion as to what he was being asked to sign and why. He stated that he knew he had a right to remain silent. It is not clear whether Mr. Kannamore understood that he had a right to an attorney and how that right interplayed with his right to remain silent. "A suspect may waive his *Miranda* rights provided the waiver is made voluntarily, knowingly, and intelligently. The waiver inquiry has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have

been waived." *Treesh v. Bagley*, 612 F.3d 424, 433 (6th Cir. 2010) (internal citations and quotation marks omitted). The hasty recital of rights to Mr. Kannamore while his handcuffs were being uncomfortably rearranged did not give Mr. Kannamore sufficient time to understand his rights and the consequences of abandoning them.

    WHEREFORE, Mr. Kannamore respectfully requests this Court enter the attached Order granting an evidentiary hearing to determine the validity of Mr. Kannamore's rights waiver and the admissibility of his statement.

Respectfully Submitted,

s/ Rob Eggert\_\_\_\_
Rob Eggert
600 West Main Street, Suite 300
Louisville, Kentucky 40202
(502) 589-6190

## CERTIFICATE OF SERVICE

    I hereby certify that on February 3, 2016, the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

s/ Rob Eggert
Rob Eggert
