UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

vs.                                                                          CRIMINAL ACTION NO. 3:15CR140-DJH

DEWAYNE KANNAMORE                                                                                         DEFENDANT

– *ELECTRONICALLY FILED* –
**RESPONSE TO MOTION TO SEVER FELON IN POSSESSION CHARGE**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to the defendant's motion to sever the felon in possession charge, and objects to the request. Kannamore relies on Fed. R. Crim. P. 14 to support his request for severance. For the reasons that follow, the motion should be **DENIED**.

**A. Factual background and charges**

On November 13, 2015, law enforcement officials executed a (Kentucky) state search warrant at an apartment on Ledgewood Parkway in Louisville, Kentucky. Law enforcement officials knocked and announced their presence. No one answered the door, at which point they used a battering ram to open the door. Three individuals were located inside the apartment, including the defendant, Dewayne Kannamore.

When law enforcement officials entered the apartment, they saw a black male, later identified as Kannamore, running from the left rear bedroom through the hallway to the right bedroom. As law enforcement officials approached him, a Louisville Metro Police Department (LMPD) Detective saw Kannamore drop a black handgun in the hallway as he entered the right bedroom. Once inside the right bedroom, Kannamore attempted to hide behind some mattresses that were leaning against a wall. An LMPD Detective and ATF Special Agent saw Kannamore drop two bags in the back right corner of the bedroom. Law enforcement officials arrested

Kannamore and searched the area. They recovered the two bags. Within the two bags, they discovered individual packages containing suspected heroin and methamphetamine. Both substances were field tested, resulting in positive tests for heroin and methamphetamine. Later forensic testing revealed positive tests for heroin and methamphetamine.

Law enforcement officials seized the firearm Kannamore had thrown while moving from one bedroom to the other. Examination of the firearm revealed that it was a loaded Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665.

A search of Kannamore's person, incident to his arrest, revealed a large sum of United States currency in his pant pocket. A criminal records check on Kannamore revealed the following:

> On or about September 11, 2003, Kannamore was convicted in Jefferson Circuit Court Case Number 03-CR-161 for two counts of Burglary 2nd and one count of Robbery 2nd and received a sentence of seven years' incarceration, seven years suspended with five years' supervised probation;
>
> On or about May 5, 2005, Kannamore was convicted in Jefferson Circuit Court Case number 05-CR-852 of Trafficking in a Controlled Substance 1st – Cocaine and received a sentence of two years' incarceration; and
>
> On or about February 10, 2014, Kannamore was convicted in Jefferson Circuit Court Case Number 13-CR-025 of Complicity for felon in possession of a handgun and received a sentence of two years and six months' incarceration suspended with five years' Supervised Probation.
>
> An ATF Special Agent arrested Kannamore on three charges:
>
> a. Possessing with the intent to distribute controlled substances, that is, heroin (a Schedule I controlled substance) and methamphetamine (a Schedule II controlled substance), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);
>
> b. Carrying a firearm during and in relation to a drug trafficking crime for which a person may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1)(A); and

   c. Possessing a firearm which had been shipped or transported in interstate or foreign commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(2).

A federal Grand Jury sitting in Louisville, Kentucky, later returned an Indictment against Kannamore for the same charges set out above – with one exception.  The Indictment includes separate charges for the two distinct drugs and, therefore, sets out four charges.

  **B. Joinder of charges**

  Rule 8 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8(a) 'should be construed in favor of joinder,' but 'it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law.'" *United States v. Deitz,* 577 F.3d 672, 691 (6th Cir.2009) (quoting, *United States v. Hatcher,* 680 F.2d 438, 440 (6th Cir.1982)). "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment, and, "[i]n most cases, the absence of evidence at trial linking two sets of charges results in misjoinder only if the indictment was drawn up in bad faith—*i.e.* where the government knew it could not prove a link between the charges at trial." *Id.*

  In the case at bar, there is no allegation that the Indictment was drawn up in bad faith.  To the contrary, the charges have been linked together since Kannamore's initial arrest.  No evidence supports the notion that the felon in possession of a firearm charge was added in an effort to enhance other charges or "dirty up" the

3

defendant. To the contrary, the three charges contained in the Indictment stem from a single event – as described above.

On November 13, 2015, Kannamore engaged in criminal conduct that involved drugs and a loaded gun. The criminal acts are intertwined. He possessed drugs with the intent to distribute them, carried a firearm during and in relation to the drug trafficking while at the same time being prohibited from possessing that very same firearm due to a prior felony conviction. *See, United States v. Chavis,* 296 F.3d 450, 459 (6th Cir.2002) ("'tools of the trade' ... generally permits joinder ... when the firearms charges and the drug charges are 'sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan,' as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search'").

The propriety of joiner, however is not the end of the inquiry. "If the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). The Sixth Circuit summarized its case law in relation to severance in criminal cases as follows:

> [A] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts.... Society has an interest in speedy and efficient trials.... Separate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures. Moreover, the risk of prejudice to defendants in a joint trial is presumably low, because 'juries are presumed capable of sorting evidence and considering separately each count and each defendant.'... These considerations are overcome 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable determination about guilt or innocence.'... Thus, 'a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice.'

*United States v. Caver,* 470 F.3d 220, 238 (6th Cir.2006) (internal citations omitted). The decision of whether to grant severance is in the sound discretion of the trial court. *United States v. Tran,* 433 F.3d 472, 478 (6th Cir.2006).

Whether a felon-in-possession count should be severed under Rule 14(a) is a closer question because it requires the jury to know that the defendant was convicted of prior offenses. *See United States v. Atchley,* 474 F.3d 840, 852 (6th Cir.2007). Short of severance and separate trials, however, a court can reduce the potential for prejudice by bifurcating a felon-in-possession count from the other counts. *United States v. McGuire*, 2012 WL 668803 at *7 (MD TN Feb. 29, 2012) (citations omitted).

Because the charges in the instant case stem from a single event, involve closely intertwined charges, and the Court can give the jury a limiting instruction they are presumed to follow, severance is not necessary. Kannamore has not carried the burden of demonstrating substantial, undue or compelling prejudice. The motion, therefore, should be denied. In the alternative, if the Court is inclined to separate the 922(g) offense from the trial of the remaining three charges, the United States respectfully requests bifurcated proceedings rather than completely separate trials.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

<u>Certificate of Service</u>

  I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on February 15, 2016.

              */s/ Jo E. Lawless*
              Jo E. Lawless
              Assistant United States Attorney