UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　　PLAINTIFF

vs.　　　　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 3:15CR140-DJH

DEWAYNE KANNAMORE　　　　　　　　　　　　　　　　　　　　　DEFENDANT

*- Filed Electronically -*
**UNITED STATES' TRIAL MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and submits the following trial memorandum:

A federal grand jury sitting in Louisville, Kentucky, returned a four-count Indictment against Dewayne Kannamore. Counts 1 and 2 charged Kannamore with possessing with the intent to distribute heroin and methamphetamine, respectively. Count 3 charged Kannamore with carrying a firearm during and in relation to a drug trafficking crime. Another firearm charge is set out in Count 4, concerning Kannamore's possession of the same firearm after having been previously convicted of a felony offense.

I.　Statutes Involved and Elements

A.　**Statutes** – 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), 924(e); 924(e); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

B.　**Elements** –

　　1.　**Count 1** - Possession w/ intent to distribute heroin (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). The essential elements for the crime charged in the above-referenced count are as follows:

　　　(1)　That the defendant knowingly or intentionally possessed heroin; and
　　　(2)　That the defendant possessed the heroin with the intent to distribute it

Sixth Circuit Pattern Jury Instructions 14.01, (2014).

  2. **Count 2** – Possession w/ intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). The essential elements for the crime charged in the above-referenced count are as follows:

  (1) That the defendant knowingly or intentionally possessed methamphetamine; and
  (2) That the defendant possessed the methamphetamine with the intent to distribute it

Sixth Circuit Pattern Jury Instructions 14.01, (2014).

  3. **Count 3** – Carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A)). The essential elements for the crime charged in Count 3 of the Indictment include:

  (1) That the defendant committed the crime charged in Count 1 or 2. Possession with the intent to distribute a controlled substance is a drug trafficking crime which may be prosecuted in a court of the United States;
  (2) That the defendant knowingly carried a firearm, that is, a loaded Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665; and
  (3) That the carrying of the firearm was during and in relation to the crime charged in Count 1 or 2.

Sixth Circuit Criminal Pattern Jury Instructions 12.02, (2014).

  4. **Count 4** - Felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)). The essential elements for the crime charged in Count 4 of the Indictment include:

  (1) That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year;
  (2) That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment; and
  (3) That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Sixth Circuit Criminal Pattern Jury Instructions 12.01, (2014).

  4. **Forfeiture** (18 U.S.C. 924(d); 21 U.S.C. § 853; and 28 U.S.C. 2461). The United

States anticipates bifurcated proceedings regarding the forfeiture matters. Accordingly, the United States respectfully requests additional time in which to outline forfeiture elements and tender appropriate jury instructions.

## II.  Undisputed and Disputed Facts

The United States believes the following facts to be undisputed:

(1) On November 13, 2015, law enforcement officials, including Louisville Metro Police Department and the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) executed a state search warrant at an apartment on Ledgewood Parkway in Louisville, Kentucky.

(2) Law enforcement officials knocked and announced their presence. No one answered the door, at which point law enforcement officials used a battering ram to open the door. Three individuals were located inside the apartment, including Dewayne Kannamore.

(3) When law enforcement officials entered the apartment, a black male, later identified as Kannamore was observed running from the left rear bedroom through the hallway to the right bedroom. As law enforcement officials approached him, a Louisville Metro Police Department (LMPD) Detective saw Kannamore toss a black handgun in the hallway as he entered the right bedroom. Law enforcement officials seized the firearm -- a loaded Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665.

(4) After Kannamore entered the right bedroom, he attempted to hide behind some mattresses that were leaning against a wall. An LMPD Detective and ATF Special Agent saw Kannamore drop two bags in the back right corner of the bedroom. Law enforcement officials arrested Kannamore and searched the area.

(5) Law enforcement officials recovered the two bags Kannamore had dropped in the corner. The two bags contained suspected heroin and methamphetamine. Both substances were

field tested, resulting in positive tests for heroin and methamphetamine. Later forensic testing of the substances[1] confirmed positive results for heroin and methamphetamine. Laboratory analysis revealed the weight of the heroin as 19.008 grams and the weight of the methamphetamine as 11.046 grams.

(6) Law enforcement searched Kannamore's person incident to his arrest. They recovered $2,966.00 in United States currency and an AT&T cellular telephone.

(7) Kannamore has three prior felony convictions.

(8) The Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665 was not manufactured in the Commonwealth of Kentucky. Consequently, prior to Kannamore's possession of the firearm, it traveled in interstate commerce.

### III.   Unresolved Substantive Issues of Law

The substantive offenses charged in the Indictment present no apparent novel legal questions. There is one unresolved substantive issue of law concerning Kannamore's motion to suppress his post-arrest / post-*Miranda* statement. The United States will be filing its response to the motion within the next few days.

### IV.   Evidentiary Issues

The United States intends to introduce numerous items seized during execution of the search warrant in this matter. All of the items have been made available to the defense during the discovery phase of this action.

The United States intends to introduce opinion testimony during the trial regarding three areas:

---

[1] During the initial testing, the laboratory did not take samples from all packages. Counsel for the United States has provided the initial report to the defense and has requested

4

   (a) Substances seized after Kannamore dropped them in the bedroom corner tested positive as methamphetamine and heroin – controlled substances;

   (b) The loaded Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665 Kannamore tossed in the hallway was not manufactured in the Commonwealth of Kentucky. Moreover, the weapon is a "firearm" as defined under federal law; and

   (c) Characteristics distinguishing trafficking in controlled substances as opposed to personal use, such as packaging, weight, and large sums of cash. Handguns are commonly used by individuals engaged in drug trafficking and are considered tools of the trade. *United States v. McCreary-Redd*, 2010 WL 4244124 (6th Cir. (ED TN) Oct. 15, 2010); *United States v. Thomas*, 2004 WL 1153681 (6th Cir. (ED KY) May 21, 2004).

Requisite notice (Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 702, 703, and 705) has been provided to defense counsel by letters or electronic communications dated January 18, 2016, January 21, 2016, February 5, 2016 and February 12, 2016. Proposed instructions pertaining to opinion and combined fact/opinion testimony are included in the jury instructions filed contemporaneously with this memorandum.

 The United States will seek to admit the controlled substances possessed for distribution as well as the firearm and accompanying ammunition. Consistent with the Court's pretrial Order, these exhibits be held in the custody of the United States rather than being held by the Court Reporter.

 The United States must prove, as element of the offense charged in Count 4 of the Indictment, that Kannamore was previously convicted of a felony offense. The parties intend to enter into a stipulation regarding this element.

## V. Trial Problems

The United States is unaware of any potential trial problems.

5

VI.   Proposed Jury Instructions

Proposed substantive jury instructions are being filed simultaneously with this Trial Memorandum.

VII.   Proposed Voir Dire Questions

Proposed voir dire questions are being filed simultaneously with this Trial Memorandum.

VIII.   Exhibit List

The United States intends to introduce the following exhibits during its case-in-chief:

a. Photos of scene of search and arrest;
c. Laboratory reports concerning methamphetamine and heroin;
d. Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665;
f. Clip and ammunition for Ruger;
g. Packages of methamphetamine;
h. Packages of heroin;
i. Uniform citation;
j. Kentucky Search Warrant; and
j. Stipulation regarding felony status.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
510 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

<u>Certificate of Service</u>

  I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on February 17, 2016.

            <u>/s/ *Jo E. Lawless*       </u>
            Jo E. Lawless
            Assistant United States Attorney