UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA					PLAINTIFF

vs.							CRIMINAL ACTION NO. 3:15CR140-DJH

DEWAYNE KANNAMORE						DEFENDANT

*- Filed Electronically –*

**UNITED STATES' RESEPONSE TO MOTION TO SUPPRESS**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in response to Dewayne Kannamore's motion to suppress, and states its objections thereto. For the reasons that follow, the motion should be **DENIED**.

Memorandum in Support of Response

**A. Factual and procedural background**

On November 13, 2015, law enforcement officials, including Louisville Metro Police Department and the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) executed a state search warrant at an apartment on Ledgewood Parkway in Louisville, Kentucky. They knocked and announced their presence. No one answered the door, at which point law enforcement officials used a battering ram to open the door. Three individuals were located inside the apartment, including Kannamore.

When law enforcement officials entered the apartment, a black male, later identified as Kannamore, ran from the left rear bedroom through the hallway to the right bedroom. As law enforcement officials approached him, a Louisville Metro Police Department (LMPD) Detective saw Kannamore toss a black handgun in the hallway as he entered the right bedroom. Law enforcement officials seized the firearm -- a loaded Ruger, model LCP, .380 caliber

semi-automatic pistol, bearing serial number 37639665. After Kannamore entered the right bedroom, he attempted to hide behind some mattresses that were leaning against a wall. An LMPD Detective and ATF Special Agent saw Kannamore drop two bags in the back right corner of the bedroom. Law enforcement officials arrested Kannamore and searched the area.

Law enforcement officials recovered the two bags Kannamore had dropped in the corner. The two bags contained suspected heroin and methamphetamine. Forensic testing confirmed the contents of the baggies as heroin and methamphetamine.

Law enforcement searched Kannamore's person incident to his arrest. They recovered $2,966.00 in United States currency and an AT&T cellular telephone.

An LMPD Detective and ATF Special Agent attempted to interview Kannamore. They recorded the interview. At the beginning of the recording, the Detective advised Kannamore of his constitutional rights. Kannamore refused to sign an acknowledgment that he had been advised of his rights, but verbally acknowledged that he understood his rights.

An ATF Special Agent conducted a probable cause arrest of Kannamore. A United States Magistrate Judge authorized issuance of a Criminal Complaint and Arrest Warrant for Kannamore on November 15, 2015. A federal Grand Jury sitting in Louisville, Kentucky, returned a four-count Indictment against Dewayne Kannamore on December 16, 2015. Counts 1 and 2 charged Kannamore with possessing with the intent to distribute heroin and methamphetamine, respectively. Count 3 charged Kannamore with carrying a firearm during and in relation to a drug trafficking crime. Count 4 charged Kannamore with possession of the same firearm after having been previously convicted of a felony offense. The matter is currently before the Court on Kannamore's motion to suppress his post-*Miranda* statement to law enforcement. (DN 29).

**B. Motion to Suppress**

Kannamore claims that the recorded statement he made to law enforcement officials should be suppressed because he purportedly did not waive his constitutional rights prior to making the statement. The argument must fail as it is supported by neither fact or law.

1. <u>Law enforcement officials advised Kannamore of his *Miranda* rights</u>

It is axiomatic that *Miranda* warnings must be given when a person undergoes custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The recording of Kannamore's post-*Miranda* statement, clearly demonstrates that law enforcement officers advised Kannamore of his rights as set out in *Miranda*.

2. <u>Kannamore waived his rights and talked to the police</u>

Kannamore contends that he did not waive his constitutional rights and, therefore, the statement should be suppressed. To establish a valid *Miranda* waiver, the prosecution must show that the defendant was informed of his rights, understood those rights, and made an uncoerced statement. *Berghuis v. Thompkins,* 560 U.S. 370, 384 (2010); *United States v. Adams,* 583 F.3d 457, 467 (6th Cir. 2009). The main protection behind *Miranda* "lies in advising defendants of their rights." *Berghuis*, 560 U.S. at 385 (citations omitted). The prosecution "does not need to show that a waiver of *Miranda* rights was express." *See id.* at 384; *see also Adams,* 583 F.3d at 467 ("[A] waiver of *Miranda* rights need not be made in writing, and need not be expressly made."). A court can infer waiver "from the actions and words of the person interrogated." *North Carolina v. Butler*¸ 441 U.S. 369, 373 (1979). If a defendant is informed of and understands his rights, then "an accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Berghuis*, 560 U.S. at 384. Again, review of the recording clearly demonstrates Kannamore's uncoerced waiver of his rights.

### C. Conclusion

Law enforcement officials advised Kannamore of his constitutional rights, he acknowledged those rights and his actions constitute a valid implied waiver of his *Miranda* rights.

It is important to note, however, that the United States does not intend to introduce Kannamore's self-serving statement to law enforcement as evidence during the trial. Moreover, the Federal Rules of Evidence prevent Kannamore from introducing the statement because to do so would amount to hearsay. Defendant's statements are the non-hearsay admissions of a party opponent under Fed. R. Evid. 801(d)(2)(A). When offered by the Defendant, such statements are classic, self-serving inadmissible hearsay. It is well accepted that "a party's own statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew,* 205 F.3d 890, 894 (6th Cir. 2000). The motion to suppress should be **DENIED** as moot.

> Respectfully submitted,
>
> JOHN E. KUHN, JR.
> United States Attorney
>
> */s/ Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney
> 510 West Broadway
> Louisville, Kentucky 40202
> (502) 625-7065
> (502) 582-5097 (Fax)

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system to defense counsel on February 19, 2016.

> */s/ Jo E. Lawless*
> Jo E. Lawless
> Assistant United States Attorney