UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                      Plaintiff,

v.                                                  Criminal Action No. 3:15-cr-140-DJH

DEWAYNE KANNAMORE,                                                          Defendant.

* * * * *

## ORDER

Defendant Dewayne Kannamore is charged with possessing heroin and methamphetamine with the intent to distribute them, carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm.  (Docket No. 11)  Kannamore has moved for a separate trial on the felon-in-possession charge, asserting that he would be unduly prejudiced if the jury were informed of his convicted-felon status during trial on the other charges.  (D.N. 25, PageID # 94)  In a second motion, Kannamore requests that he be allowed to stipulate to his status as a convicted felon.  (D.N. 26, PageID # 97)  He further asks the Court (1) to prohibit the United States "from introducing any evidence as to the name and nature of [his] felony offense" and (2) to prohibit testifying police officers "from mentioning that they are familiar with [him] through any prior legal dealings."  (*Id.*)

The United States denies that severance of the felon-in-possession count is necessary, noting that all the charges in the indictment "stem from a single event" and that "[t]he criminal acts are intertwined."  (D.N. 32, PageID # 114)  With respect to Kannamore's second motion, the government agrees that stipulation to the prior felony conviction is appropriate.  (D.N. 33, PageID # 118)  However, it maintains that Kannamore's other requests are moot because "[w]ith

1

the exception of Kannamore's status as a prior convicted felon, no evidence of facts or events that precede November 13, 2015, will be offered or elicited by the United States." (*Id.*)

The Court agrees that Kannamore's convicted-felon status may properly be addressed by stipulation. *See Old Chief v. United States*, 519 U.S. 172 (1997). In light of the United States' representation that it will not introduce evidence of the type Kannamore seeks to exclude, the remainder of the motion is moot.

Kannamore's stipulation that he is a convicted felon will "minimize[] the possibility of any prejudice based on the subject matter of the prior crime" and thus obviate the need for a separate trial on the felon-in-possession count. *United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007). Kannamore may also seek a limiting instruction at trial to "cur[e] the possibility of prejudice." *Id.* (citing *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001)).

For the reasons set forth above, it is hereby

**ORDERED** as follows:

(1)     Defendant's Motion to Sever Felon in Possession Charge (D.N. 25) is **DENIED**.

(2)     Defendant's Notice of Stipulation to Prior Felonies and Motion to Exclude Any Reference to Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies (D.N. 26) is **GRANTED** to the extent Kannamore seeks the Court's permission to stipulate to his prior felony conviction. The motion is **DENIED** without prejudice as moot insofar as Kannamore seeks exclusion of evidence the United States does not intend to introduce. If the United States should change its position on this issue during trial, it shall so notify the Court, and Kannamore shall have an opportunity to object.

March 1, 2016

**David J. Hale, Judge**
**United States District Court**

2