FILED
VANESSA L. ARMSTRONG

MAR 07 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

vs.     CRIMINAL ACTION NO. 3:15CR140-DJH

DEWAYNE KANNAMORE     DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Dewayne Kananmore, and his attorney, Rob Eggert, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), 924(e); 924(e) as well as 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 21 U.S.C. § 853, of the following:

    a. $2966.00 in United States Currency;
    b. one Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665; and
    c. ammunition.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

    On November 13, 2015, law enforcement officials, including Louisville Metro Police Department and the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) executed a state search warrant at an apartment on Ledgewood Parkway in Louisville,

Kentucky. Law enforcement officials knocked and announced their presence. No one answered the door, at which point law enforcement officials used a battering ram to open the door. Three individuals were located inside the apartment, including Dewayne Kannamore.

When law enforcement officials entered the apartment, Kannamore ran from the left rear bedroom through the hallway to the right bedroom. After Kannamore entered the right bedroom, he went behind some mattresses that were leaning against a wall and dropped two bags in the back right corner of the bedroom. Law enforcement officials arrested Kannamore, searched the area, and recovered the two bags. The two bags contained heroin and methamphetamine. Later laboratory testing of the substances confirmed positive results for heroin and methamphetamine and revealed the weight of the heroin as 18.922 grams and the weight of the methamphetamine as 10.736 grams. Kannamore possessed the controlled substances with the intent to distribute them.

Law enforcement searched Kannamore's person incident to his arrest. They recovered $2,966.00 in United States currency and an AT&T cellular telephone.

4. Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 40 years, a combined maximum fine of $2,000,000.00, and supervised release of at least three years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he will be ordered to forfeit pursuant to 21 U.S.C. § 853, the following:

   a. $2966.00 in United States Currency;
   b. one Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665; and
   c. ammunition.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth

below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. Restitution is not an issue in this case. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200.00 to the United States District Court Clerk's Office by the date of sentencing.

9. At the time of sentencing, the United States will

-move for dismissal of Counts 3 and 4 of the Indictment.

-agree that a sentence of 60 months' imprisonment is the appropriate disposition of this case.
-join in defense request that sentence run concurrent with any undischarged state sentence. *JJ* *PJR*
-demand forfeiture of:
    a. $2966.00 in United States Currency;
    b. one Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665; and
    c. ammunition.

10. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

11. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

12. Defendant agrees to the forfeiture of any interest he or his nominees may have in

the following assets which he owns or over which he exercises control:

   a. $2966.00 in United States Currency;
   b. one Ruger, model LCP, .380 caliber semi-automatic pistol, bearing serial number 37639665; and
   c. ammunition.

13. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 12 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms, or dismiss Counts 3 and 4, according to the United States' motion, pursuant to Fed. R. Crim. P. 11(c)(1)(A) or (C), this Agreement will become null and void and neither party shall be bound thereto. The defendant will be allowed to withdraw the plea of guilty and the United States will be free to pursue all charges and, upon conviction, seek imposition of any sentence supported by the facts and law.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence

incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____          3/7/2016
Jo E. Lawless                              Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          3-7-20-16
Dewayne Kannamore                         Date
Defendant

7

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        3/7/2016
Rob Eggert    Patrick J. Renn            Date
Counsel for Defendant


JEK:JEL:160303

8