```
                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF KENTUCKY
                              LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     )    Case No. 3:15-CR-00140-DJH
                              )
         Plaintiff,           )
                              )
    VS.                       )
                              )
DEWAYNE KANNAMORE,            )
                              )    June 21, 2016
         Defendant.           )    Louisville, Kentucky


                              * * * * *

                    TRANSCRIPT OF SENTENCING HEARING
                   BEFORE HONORABLE DAVID J. HALE
                     UNITED STATES DISTRICT JUDGE

                              * * * * *

APPEARANCES:
For United States:        Jo E. Lawless
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, KY 40202

For Defendant:            Rob Eggert
                          600 West Main Street, Suite 300
                          Louisville, KY 40202

                          Patrick J. Renn
                          Smith & Helman
                          600 West Main Street, Suite 100
                          Louisville, KY 40202

[Defendant present.]


                    Dena Legg, RDR, CRR, CCR-KY
                       Official Court Reporter
                       232 U.S. Courthouse
                       Louisville, KY 40202
                          (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1        (Begin proceedings in open court 2:40 p.m.)
 2             DEPUTY CLERK:  3:15-CR-140, United States of America
 3   v. Dewayne Kannamore.
 4             MS. LAWLESS:  Good afternoon, Your Honor.  Jo Lawless
 5   on behalf of the United States.
 6             MR. EGGERT:  Good afternoon, Your Honor.  Rob Eggert
 7   and Pat Renn for Mr. Kannamore.
 8             MR. RENN:  Good afternoon, Your Honor.
 9             THE COURT:  We're here for a sentencing hearing.
10       Mr. Kannamore, you want to join your counsel at the podium,
11   please.
12       Both sides -- Ms. Lawless, Mr. Eggert, both sides had enough
13   opportunity to review and comment on the presentence
14   investigation report?
15             MS. LAWLESS:  Yes, sir.
16             MR. EGGERT:  Yes, Your Honor.
17             THE COURT:  And I will -- I'm sure I'll say it more
18   than once.  I will say at the outset that I have reviewed your
19   sentencing memoranda.  I appreciate the effort.  It has aided
20   the court in reaching what I believe will be a fair sentence.
21       Anything else that either side would like by way of
22   objection or comment to raise with the court --
23             MS. LAWLESS:  Not --
24             THE COURT:  -- regarding the PSR?
25             MS. LAWLESS:  Sorry, Your Honor.  Not for the United
```

1  States.  Thank you.
2         MR. EGGERT:  Not regarding the PSR, Judge.
3         THE COURT:  And are there -- remind me again, were
4  there any specific objections that we needed to talk about with
5  respect to the PSR?
6         MS. LAWLESS:  No, sir, because we had a (C) plea.  We
7  anticipated that this would be a career offender guideline and
8  ask the court to accept our (C) plea for the 60-month term of
9  imprisonment.  So there were no objections filed from the United
10 States, and I don't remember seeing from the defense.
11        MR. EGGERT:  No, there weren't.
12        THE COURT:  Well, I will adopt the PSR then without
13 objection.
14    Anything further before I begin talking about the parties'
15 agreement?
16        MS. LAWLESS:  Not from us, Your Honor.
17        MR. EGGERT:  Judge, there is, I guess, a couple of
18 points.  One is the suggestion that Mr. Kannamore -- and, again,
19 I don't know what the court plans to do -- but have 15 years of
20 supervised release.  I think the guidelines says three years.
21 That would be 500 percent, five times that.
22    And whatever the problems are with the agreement, I don't
23 think it should be remedied by -- and I think the agreement is
24 fair and in accordance with the offense level and the amount of
25 drugs and so forth, as we argued, but I don't think it should be

```
 1   remedied by suddenly putting him on 15 years of supervised
 2   release with 50 -- at a cost of $50,000 approximately to the
 3   taxpayers.  So to that, we would take specific objection to that
 4   suggestion by the United States.
 5            MS. LAWLESS:  If I may respond, Your Honor.  The
 6   guidelines don't recommend three years.  The statute says that
 7   it can't be any less than three years and it could be any number
 8   of years, up to and including life.  And that was the basis of
 9   consideration in making the suggestion to the court with regard
10   to an increased term of supervised release, because we
11   admittedly are coming much lower than what the guideline
12   recommendation is with regard to term of imprisonment.
13            MR. EGGERT:  It says the guideline term, on page 21,
14   paragraph 83, of supervised -- 84, rather, is three years.
15   That's what it says and that's quoting from the PSI.
16            THE COURT:  I believe that is the guideline --
17            MR. EGGERT:  Yes.
18            THE COURT:  -- range, but I think Ms. Lawless is also
19   correct that the statute permits up to a lifetime period of
20   supervised release.
21      I'll address that issue also in just a minute.  Any other
22   motions, other than what has been raised in the parties' briefs
23   that needs to be discussed?  Mr. Eggert?
24            MR. EGGERT:  No, Your Honor.
25            THE COURT:  Well, as I said earlier, the court will
```

1 accept the PSR without objection, and it will be filed in the
2 record under seal. In the event of an appeal, the parties,
3 counsel, and the court will have access to it.
4 Any other motions in the nature of a departure? Anything
5 along those lines that we need to talk about?
6     MS. LAWLESS: Not from our perspective, Your Honor.
7     MR. EGGERT: No, Judge.
8     THE COURT: Mr. Kannamore, do you wish to address the
9 court?
10     THE DEFENDANT: No, sir.
11     THE COURT: Well, here's where I come down with this:
12 I'm going to accept the parties' plea agreement, which calls for
13 the dismissal of two charges under Rule 11(c)(1)(A) -- and I
14 would anticipate that the United States will make that motion
15 once I get through discussing what the sentence is going to
16 be -- and a sentence of 60 months' imprisonment under Rule
17 11(c)(1)(C).
18 I will say that this was a close call. The base offense
19 level here is 18, enhanced two levels for use of a handgun,
20 which gets to an adjusted offense level of 20 and a Criminal
21 History Category of V.
22 With adjustment for acceptance of responsibility, this
23 resulted in a sentencing range of 46 to 57 months.
24 Mr. Kannamore's record qualifies him for the career offender
25 enhancement in 4B1.1, and that enhancement is significant. It

1   increases his offense calculation 12 levels and puts him in a
2   Criminal History Category of VI, resulting in a total offense
3   level of 29, a range of 151 to 188 months' custody, a fine of
4   30,000 to 2 million, and three years of supervised release.
5       I have considered the parties', as I said, sentencing
6   memoranda and request for downward variance, which are of course
7   consistent with the plea agreement, and I've also considered the
8   Section 3553(a) factors.  Specifically, I've considered, under
9   3553(a)(1), Mr. Kannamore's history and characteristics.  And I
10  note that the first conviction, the first predicate conviction
11  that qualifies him for the career offender enhancement occurred
12  when he was 17.  He was adjudicated, I believe, Mr. Eggert, as
13  an adult --
14              MR. EGGERT:  Yes.
15              THE COURT:  -- but 17 at the time of the offense.
16      The second offense occurred when he was still just 19, and
17  so I believe that this factor militates in favor of a downward
18  variance.
19      I also note for the record the relatively small amount of
20  drugs involved here.  No statutory mandatory minimum term of
21  imprisonment is triggered by the amounts at issue, and so I will
22  vary downward and impose the sentence of 60 months.
23      Now, with respect to the issue of supervised release, I am
24  going to vary upward from the guidelines recommendation of three
25  years, and I'm going to impose a term of supervised release of

1    six years.  That is not the 15 years that was raised, nor
2    objected to, and I do this in part because I see from the record
3    that Mr. Kannamore has had numerous brushes with the law.  I've
4    talked about a couple of them, and a couple of them, frankly,
5    are serious and yet he's never spent more than two years in
6    prison.
7        Mr. Kannamore, you're still a young man and I believe that
8    your -- you would benefit from an extended term of supervised
9    release following your term of 60 months.  And so I've concluded
10   that the longer term may actually improve Mr. Kannamore's
11   chances for a successful re-entry following his term of
12   incarceration, and I think it might very well provide much
13   needed, long-term treatment for what has been an obvious drug
14   abuse problem.
15       I then conclude that a sentence of 60 months' custody,
16   followed by six years of supervised release, is sufficient but
17   not greater than necessary to comply with the purposes set forth
18   in 3553(a)(2) and, of course, it conforms with the plea
19   agreement.
20       So I will now formally impose the sentence.  Based upon the
21   foregoing, it is the judgment of the court that the defendant is
22   committed to the custody of the Bureau of Prisons for a term of
23   60 months as to each of Counts 1 and 2 in the indictment, which
24   shall be served concurrently, for a total term of 60 months'
25   imprisonment.  The term of imprisonment shall run concurrently

```
 1   with any undischarged state sentence.
 2        Upon release from imprisonment, the defendant shall be
 3   placed on supervised release for a term of six years as to each
 4   of Counts 1 and 2, which shall run concurrently, for a total
 5   term of six years.
 6        The defendant shall abide by the standard conditions of
 7   supervision adopted by the court, as well as the special
 8   conditions, a copy of which has been provided to Mr. Kannamore
 9   and to counsel.
10        These special conditions include drug aftercare, mental
11   health aftercare, and being available for searches, all of which
12   will be explained to him by the U.S. Probation Office.
13        The defendant shall pay a special penalty assessment of $100
14   as to each count of conviction for a total special penalty
15   assessment of $200.  Any financial sanctions imposed will be
16   paid in accordance with the schedule of payments page to be
17   contained in the judgment.
18        Restitution is not an issue in this case.  The fine and cost
19   of incarceration and supervision are waived due to this
20   defendant's inability to pay.
21        And at this point, Ms. Lawless, I take it the United States
22   will move for dismissal of Counts 3 and 4 in the indictment.
23             MS. LAWLESS:  We do, Your Honor.
24             THE COURT:  The court will then dismiss those two
25   counts.
```

1  Any objections that have not already been discussed with the
2  court to be made to the court's sentence?
3      MS. LAWLESS: No, Your Honor. Just one housekeeping
4  matter. There is a forfeiture allegation with regard to just
5  short of $3,000, a Ruger, and some ammunition, and we will be
6  filing the appropriate motions. And we just ask that the
7  judgment reflect the fact that there's an outstanding forfeiture
8  matter.
9      THE COURT: So noted.
10     MR. EGGERT: Judge, we don't -- no objections, but we
11 would ask if the court would make a referral to the RDAP
12 program. I think the PSI makes reference to a long --
13 unfortunately, a long substance abuse history by Mr. Kannamore,
14 and so we would ask for a referral to the RDAP -- or
15 recommendation to the RDAP program.
16     THE COURT: I have no problems making that
17 recommendation.
18     MR. EGGERT: Thank you, Judge.
19     THE COURT: Mr. Kannamore, I'm sure that Mr. Eggert
20 has probably already told you this. The court can make
21 recommendations along those lines to the Bureau of Prisons, but
22 that is all it is is a recommendation. They will do an
23 evaluation and determine your suitability for that program. But
24 given what I've read about you, given what I understand about
25 the problems you faced in your life with substance abuse, it

```
 1   seems to me an appropriate recommendation to make, so I will do
 2   that.
 3        Let's talk a little bit here at the close of this hearing
 4   about your appeal rights.  Under some circumstances,
 5   Mr. Kannamore, a defendant has the right to appeal any sentence
 6   that is imposed by the court.  However, a defendant may waive
 7   that right, as you have done in your plea agreement.  Such
 8   waivers are generally enforceable, but if you believe that your
 9   waiver is not valid, you can present that argument to the court
10   of appeals.
11        You also have the right to appeal based on ineffective
12   assistance of counsel or prosecutorial misconduct.  Any notice
13   of appeal that you file needs to be filed with the court 14 days
14   after the entry of the judgment, or should the United States
15   have a basis for appeal, 14 days after they file a notice of
16   appeal.
17        If you need assistance in filing that notice of appeal, the
18   clerk's office can help you.  You can also petition to have the
19   fee for that appeal waived, and you can also request, if you
20   cannot afford one, a lawyer to prosecute the -- to be appointed
21   to prosecute the appeal for you.
22        We have a form that we ask you to sign.  We'll pass that to
23   Mr. Eggert.  It acknowledges that -- or it asks you to
24   acknowledge that you have waived your appeal rights other than
25   what I have just outlined for you.
```

1  Anything else with respect to Mr. Kannamore's appeal rights
2  that needs to be discussed, Mr. Eggert?
3     MR. EGGERT: No, Judge.
4     THE COURT: Ms. Lawless, anything more to say on
5  potential appeal?
6     MS. LAWLESS: No, sir.
7     THE COURT: What else do we need to talk about?
8  Anything left with respect to the sentencing?
9     MS. LAWLESS: No, sir.
10    MR. EGGERT: No, sir.
11    THE COURT: Thank you.
12    Mr. Kannamore, let me just say here at the close, you have
13 benefitted in this process from the good advocacy of your
14 counsel. You've also benefitted from a reasonable position
15 taken by the United States.
16    I understand it is not necessarily a happy day for you, but
17 it could be a whole lot worse. And so I would say to you that
18 it may not seem like an opportunity that is before you, but
19 there is one before you.
20    And if you qualify and cooperate in the RDAP program and
21 take advantage of that opportunity, and any others that are
22 offered to you, you can come out on the other side and in five
23 years or so with a whole lot of life left to live, and so I wish
24 you the best with that. Thank you.
25    MR. EGGERT: Thank you, Your Honor.

1          MR. RENN:  Thank you.

2     (Proceedings concluded at 2:55 p.m.)

3              C E R T I F I C A T E

4     I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

5  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

6

7

         s/Dena Legg                       March 22, 2018
8   Certified Court Reporter No. 20042A157   Date
    Official Court Reporter
9